[Cite as *State v. Layne*, 2011-Ohio-1621.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10 CA 0023 |
| ANGELA LAYNE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
Common Pleas Case No. 09 CR 209


JUDGMENT:                                   AFFIRMED

DATE OF JUDGMENT ENTRY:        March 31, 2011


APPEARANCES:

For Plaintiff-Appellant:                          For Defendant-Appellee:

JAMES L. DYE                                    GREGG MARX
P.O. Box 161                                      201 South Broad Street, 4th Floor
Pickerington, Ohio   43147                   Lancaster, Ohio   43130

*Delaney, J.*

{¶1}   Defendant-Appellant, Angela Layne, appeals the judgment of the Fairfield County  Court of Common Pleas, convicting her of one count of Deception to Obtain a Dangerous Drug, a felony of the second degree, one count of Deception to Obtain a Dangerous Drug, a felony of the third degree, one count of Deception to Obtain a Dangerous Drug, a felony of the fourth degree, two counts of Trafficking in Drugs, felonies of the fourth degree, and three counts of Trafficking in Drugs, felonies of the fifth degree.  The State of Ohio is Plaintiff-Appellee.

{¶2}   In September, 2007, Agent William Padgett of the State of Ohio Pharmacy Board began an investigation into a group of individuals who were traveling to Florida, obtaining prescriptions in Florida and filling them in Ohio for dangerous drugs.[1]  The investigation became stagnant for approximately two years until March, 2009.

{¶3}   On March 28, 2009, Agent Padgett received information that Appellant was attempting to fill a prescription from Florida in Fairfield County, Ohio.  Agent Padgett traveled to the pharmacy and approached Appellant as she was at the pharmacy window and showed her his Pharmacy Board credentials, including his badge and his identification.  He escorted Appellant to the break room in the pharmacy and questioned her for approximately an hour.  He did not *Mirandize* her before questioning her.

{¶4}   On March 30, 2009, Agent Padgett again met with Appellant, along with two members of the Major Crimes Unit Task Force, at a park.  Appellant reiterated the information that she conveyed during the first meeting to the detectives of the Major

---

[1] The State of Ohio does not provide its own Statement of the Case or Facts; therefore, we presume that they accept the Appellant's Statement of the Case and Facts as being accurate.

Crimes Unit.  Appellant was not advised of her *Miranda* rights, but agreed to meet the officers and Agent Padgett at the park and answered questions.

{¶5}   At the conclusion of the conversation, Appellant agreed to provide the detectives with information regarding the prescription drug ring.  Appellant failed to contact the detectives, and a warrant was issued for her arrest for her part in the drug ring.

{¶6}   Appellant contacted Agent Padgett and stated that she knew about the warrant and asked if he would drive her to the police station so that she could turn herself in.  Agent Padgett stated that no incriminating comments were made during that ride that he can recall.

{¶7}   The fourth contact between Agent Padgett and Appellant occurred at the Fairfield County Jail.  Appellant requested that Agent Padgett visit her at the jail so that she could speak to him regarding her bond and charges.   No evidence was presented that Appellant made any incriminating statements, or that Agent Padgett asked Appellant any questions.

{¶8}   Appellant was indicted on June 26, 2009, on a fourteen count indictment alleging one count each of Deception to Obtain a Dangerous Drug, in violation of R.C. 2925.22(A), as felonies of the second, third, and fourth degrees; three counts of Trafficking in Drugs, in violation of R.C. 2925.03(A)(1), felonies of the fourth degree; three counts of Trafficking in Drugs, in violation of R.C. 2925.03(A)(1), felonies of the fifth degree; three counts of Aggravated Trafficking in Drugs, in violation of R.C. 2925.03(A)(1), felonies of the second degree; and two counts of Aggravated Trafficking

in Drugs, in violation of R.C. 2925.03(A)(1), felonies of the third degree. Appellant initially pled not guilty to all counts.

{¶9} On September 10, 2009, Appellant filed a Motion to Suppress, requesting that all statements or evidence obtained as a result of the investigation of the Ohio State Board of Pharmacy be suppressed. The State filed responses on October 12, 2009, and November 18, 2009. Appellant filed a supplemental memorandum on November 13, 2009. A hearing was held on October 12, 2009, and November 5, 2009.

{¶10} On Jaunary 27, 2010, the trial court issued a written decision, denying Appellant's Motion. Appellant subsequently entered a no contest plea to Counts 1, 2, 3, 4, 6, 8, 9, and 12 of the indictment, and was sentenced to an aggregate term of thirteen years, six months in prison.

{¶11} Appellant now appeals the decision of the trial court and raises one Assignment of Error:

{¶12} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FAILING TO SUPPRESS EVIDENCE OBTAINED FROM THE DEFENDANT WITHOUT FIRST ADVISING THE DEFENDANT OF HER RIGHT TO REMAIN SILENT OR HER OTHER *MIRANDA* RIGHTS."

I.

{¶13} In Appellant's sole assignment of error, she argues that the trial court erred in failing to suppress her statements to Agent Padgett and the Major Crimes

Detectives during the investigation of the prescription drug ring that she was involved in. We disagree.

{¶14} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, (1996), 75 Ohio St.3d 148, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.

{¶15} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 Ohio B. 57, 437 N.E.2d 583; and *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues

raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 623, 620 N.E.2d 906.

{¶16} A person must be in police custody before they can invoke the protections of the Fifth Amendment. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. For *Miranda* to apply, it must first be established that the subject being interrogated was indeed "in custody." In the court below, as well as before this Court, the State urges an initial finding that Appellant was not "in custody" during the first three interviews with Agent Padgett and the Major Crimes Unit detectives. Therefore, according to the State, compliance with *Miranda* was unnecessary.

{¶17} We agree. Appellant's first statement was made at a pharmacy, in a break room, where Appellant was free to leave. Agent Padgett had no arrest authority, did not have handcuffs, and he indicated that he offered to go out to tell Appellant's family who was waiting with her what was going on and that she would be out later. Appellant agreed that she did not wish to speak in public with Agent Padgett, but that she did not believe that she could decline to go with him.

{¶18} Appellant met Padgett and two detectives from the Major Crimes Unit Task Force at a park for her second set of statements, which mirrored her first set of statements. She was seated in the backseat of Agent Padgett's car, but the car was not locked and she was free to leave. She voluntarily drove herself to the park to talk with the men. Even after making inculpatory statements, Appellant was not arrested and

agreed to contact the detectives later that week with additional information on others involved in the drug ring.

{¶19} Appellant's third encounter with Agent Padgett occurred when she called him and asked him to drive her to the police station so that she could turn herself in when she realized there was a warrant for her arrest. According to Agent Padgett, Appellant did not make any inculpatory statements during the ride and that most of her comments were directed towards giving him directions to the jail. He even left her in the front seat of the car alone, with the car running, and Appellant stayed in the car.

{¶20} The fourth and final encounter between Agent Padgett and Appellant occurred while Appellant was in custody. However, the meeting occurred at Appellant's request. Agent Padgett asked no questions of her and Appellant asked him about getting her bond reduced. There is no evidence that Appellant made any statements in response to questioning by Agent Padgett in the jail.

{¶21} Accordingly, Appellant's assignment of error is overruled.

{¶22}  For the foregoing reasons, the judgment of the Fairfield County Court of Appeals is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

 

 

HON. PATRICIA A. DELANEY

 

 

HON. WILLIAM B. HOFFMAN

 

 

HON. SHEILA G. FARMER

[Cite as *State v. Layne*, 2011-Ohio-1621.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANGELA LAYNE | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10 CA 0023 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER